USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL WISTISEN, *individually and on behalf of all others similarly situated*,

Plaintiff,

-v-

ALIBABA GROUP HOLDING LIMITED, et al.,

Defendants.

26-cv-6654 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Pavers and Road Builders District Council Pension Fund (the "Pavers Fund") and Rosewood Funeral Home Inc. ("Rosewood) jointly move, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3), to be appointed Lead Plaintiff to prosecute this federal securities class action lawsuit. *See* Dkt. Nos. 23, 25. The Pavers Fund and Rosewood also seek the approval of the law firms Labaton Keller Sucharow ("Labaton"), counsel to the Pavers Fund, and Pomerantz LLP ("Pomerantz"), counsel to Rosewood, as co-Lead Counsel under the PSLRA. *Id.* The motion is granted.

In selecting the lead plaintiff, the PSLRA requires the Court to apply a presumption in favor of the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For purposes of choosing a lead plaintiff under the PSLRA, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet Rule 23 [of the Federal Rules of Civil Procedure], and courts need only consider the typicality and adequacy requirements." *Aude v. Kobe Steel, Ltd.*, 2018 WL

1634872, at *3 (S.D.N.Y. Apr. 4, 2018). The presumption in favor of the person or group of persons with the largest financial interest in the relief being sought can be defeated "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).[1]

"The majority of courts, including those in this District . . . permit[] unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such a grouping would best serve the class." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). *Varghese* identifies factors for the Court to consider when assessing a proposed grouping of plaintiffs as lead plaintiff:

> [A] proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs. Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.
>
> . . .
>
> [C]ourts in this District do not hesitate to deny a proposed group's motion for lead-plaintiff status if the movants have not provided a sufficient evidentiary basis for aggregation or if the court otherwise is persuaded that the proposed group has been assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action.

*Id.*

---

[1] The notice required by § 78u-4(a)(3)(A)(i) was published on August 4, 2026, Dkt. Nos. 13-3, 21-2, and the applications to serve as lead plaintiff were timely filed, Dkt. Nos. 11, 18.

The Court grants the application and appoints the Pavers Fund and Rosewood as Lead Plaintiffs pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B). Individually, the Pavers Fund and Rosewood each have substantial financial stakes in the relief sought by the putative class. Together, the two have the largest stakes. The Pavers Fund purchased 6,495 shares (and 713 net shares) of Alibaba Group Holding Limited ("Alibaba") during the putative class period and claims to have suffered losses of $407,314.15 on a LIFO basis. Dkt. No. 13-2. The administrator of the Pavers Fund avers that the Pavers Fund fully understands the duties and responsibilities of the lead plaintiff under the PSLRA. Dkt. No. 13-1 ¶ 3. Rosewood purchased or otherwise acquired 11,016 Alibaba options contracts (and 800 net Alibaba options contracts) during the putative class period and claims to have suffered losses of approximately $865,968. Dkt. No. 21-1. Its representative also has indicated a willingness to serve as a representative party on behalf of the class and has indicated an understanding of its responsibilities in that role. Dkt. No. 21-3 ¶ 4. Rosewood and the Pavers Fund both otherwise meet the requirements of Rule 23.

Only one other party filed a motion to be appointed lead plaintiff, but that party was an individual investor who suffered lesser losses than either the Pavers Fund or Rosewood, *see* Dkt. No. 17 at 5, and, in any event, has withdrawn its application to be appointed lead plaintiff, Dkt. No. 22.

The PSLRA permits the appointment of more than one lead plaintiff if the application satisfies the *Varghese* factors and the proposed lead plaintiffs have demonstrated that they are "'able to operate in concert and manage the litigation and the lawyers.'" *Lavin v. Virgin Galactic Holdings, Inc.*, 2021 WL 5409798, at *4 (E.D.N.Y. Sept. 17, 2021) (quoting *Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 24 (D. Mass. 2000)). The

Pavers Fund and Rosewood moved separately for appointment as lead plaintiff. Dkt. Nos. 11, 18. Only after the motions were made did the two jointly submit a stipulation for both to be appointed as co-Lead Plaintiffs. Dkt. No. 23. However, the Pavers Fund and Rosewood each aver that they independently determined that the interests of the putative class would be best served if they agreed with one other to cooperate. Dkt. No. 25-1 ¶ 4. At the Court's invitation after submitting that stipulation, Dkt. No. 24, the Pavers Fund and Rosewood have submitted a joint declaration reflecting the fact that they convened a joint conference call during which they discussed the allegations in the complaints, their obligations as lead plaintiffs, the benefits of working together to jointly prosecute the litigation, and the advantages of having Labaton and Pomerantz serve as Lead Counsel. Dkt. No. 25-1 ¶ 9. The Pavers Fund and Rosewood also discussed the procedures and mechanisms for communication and decision-making to ensure that the proposed class would benefit from their supervision of counsel. *Id.* Those benefits include that the Pavers Fund is an institutional investor while Rosewood is a sophisticated and experienced individual investor, and that each bought a different type of security (stock and options, respectively). *Id.* ¶¶ 2–3, 5. Each has also served as lead plaintiff in a securities class action lawsuit as part of a cohesive lead plaintiff group. *Id.* ¶ 6.

Although there is no evidence of a pre-litigation relationship between the Pavers Fund and Rosewood, the absence of such a relationship is not disqualifying. *See Chauhan v. Intercept Pharms.*, 2021 WL 235890, at *4 (S.D.N.Y. Jan. 25, 2021). "This is simply not a case where a group of unrelated investors has been cobbled together as a 'group' to displace a single competing . . . investor, or a smaller, closely-related group of investors." *Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005). Both are sophisticated, chose their own counsel, have spoken with one another about the management of the lawsuit, and have devised a plan to ensure

that they—and not counsel—will direct this litigation. "Their 'experience and resources give some confidence that the group members will have the knowledge and background to appropriately supervise counsel and protect against lawyer-driven litigation.'" *May v. Barclays PLC*, 2023 WL 5950689, at *10 (S.D.N.Y. Sept. 13, 2023) (quoting *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *5 (S.D.N.Y. June 12, 2020)). "[T]he group is not so cumbersome as to deliver the control of the litigation into the hands of the lawyers. Nor is it so large as to give rise to free-riding problems and to reduce the incentive of any individual group member to carry out its lead plaintiff duties." *Id.* (internal quotation marks and citations omitted).

The Court also appoints Pomerantz and Labaton as co-Lead Counsel. Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see, e.g.*, *In re Ply Gem Holdings, Inc., Sec. Litig.*, 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014) (same).

Each of Pomerantz and Labaton is highly experienced with securities class action lawsuits and has successfully and ably represented classes of investors in this District. The two firms also have a record of working together cooperatively as lead counsel. *See* Dkt. No. 25-1 ¶ 14.

There is no categorical bar against the appointment of more than one law firm as lead counsel. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998). There is a risk when more than one law firm is appointed as lead counsel that each may feel the

desire to do its utmost to protect the interests of the class, leading to a duplication of effort and the multiplication of costs and expenses that ultimately will inure to the detriment of the class. *See In re Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) ("[T]he appointment of several firms as lead counsel can raise a number of concerns, including the hindrance of the ability of lead plaintiff to manage the case and supervise counsel, duplication of efforts, absence of coordination, delay and increased fees and costs."); *accord In re MGT Cap. Invs., Inc. Sec. Litig.*, 2017 WL 11930448, at *4 (S.D.N.Y. Apr. 11, 2017); *In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *4 (S.D.N.Y. Sept. 29, 2020). At the same time, however, "[t]he sharing of resources and expertise in costly cases may favor the appointment of multiple counsel." Manual for Complex Litigation § 31.31, at 539 (4th ed. 2004). In service of protecting the interests of absent class members, courts have required some proof that the litigation will be managed in a manner that will avoid the duplication of attorney services and that will ensure client control. *See, e.g.*, *Ohio Carpenters Pension Fund v. Globant S.A.*, 2026 WL 2495460, at *6 (S.D.N.Y. Aug. 25, 2026); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009). To that end, Pomerantz and Labaton have volunteered, and the Court has examined *in camera*, the Joint Prosecution Agreement signed by counsel at the two law firms. *See* Dkt. No. 26. That agreement satisfies the Court that counsel have considered and taken measures to avoid the duplication of effort and the multiplication of costs, including through the designation at each firm of a single attorney-in-charge of the matter, a commitment by counsel to advise their clients of all significant developments in the litigation, an allocation of responsibility between the firms, a provision for regular conference calls, and a requirement that significant expenses receive the joint approval of both law firms. Dkt. No. 25-1 ¶¶ 10, 16–17.

Accordingly, the Pavers Fund and Rosewood are appointed as Lead Plaintiffs for the class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B). Labaton and Pomerantz are appointed as co-Lead Counsel pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v).

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 11, 15, and 18.

SO ORDERED.

Dated: November 10, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge